OPINION
{¶ 1} This matter comes before the court upon Eddie J. Jones, Jr.'s appeal of the Montgomery County Common Pleas Court's denial of his Petition to Vacate or *Page 2 
Set Aside Judgment/Sentence.
 {¶ 2} On March 26, 2008, Jones's court-appointed appellate counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, asserting the absence of any meritorious issues for our review. In theAnders filing, Jones's counsel did identify one potential issue involving sentencing under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. After counsel filed the Anders brief, we issued an order granting Jones sixty days to file a pro se brief assigning any errors for our review. The sixty-day period has expired, and Jones has not responded.
 {¶ 3} Pursuant to Anders, we are required to conduct a full examination of all proceedings and to appoint new counsel to assist Jones if we find any issues for review that are not wholly frivolous.Anders, 386 U.S. at 744; see also Penson v. Ohio (1988), 488 U.S. 75,76. After reviewing the record in this case, we have not found any issues that are not wholly frivolous. We will affirm.
 {¶ 4} A jury convicted Jones for rape, gross sexual imposition, and felonious sexual penetration. On July 8, 1999, the trial court sentenced Jones to life in prison to be served consecutively to a ten-year prison term. Jones timely appealed his conviction and sentence to this Court on August 6, 1999. We affirmed his conviction and sentence on July 21, 2000. State v. Jones (July 21, 2000), Montgomery Case No. 17903, unreported. Over seven years later, on August 20, 2007, Jones filed a petition to vacate or set aside his sentence based on an alleged violation of his constitutional rights under Blakely v. Washington
(2004), 542 U.S. 296. He argued that the trial court inappropriately engaged in judicial fact-finding, resulting in the imposition of a sentence that was longer than the minimum required. *Page 3 
 {¶ 5} In his Anders brief, appointed counsel points to the Ohio Supreme Court's decision in Foster, as raising a potential constitutional violation for our review. Having reviewed the record, we concur in appointed appellate counsel's assessment that this argument lacks even potential merit.
 {¶ 6} Jones cannot use Blakely or Foster to collaterally attack his sentence. Quite simply, the rules and principles of those cases are not retroactive. The U.S. Supreme Court expressly limited Blakely to cases that were then either pending before a trial court or on direct appeal.U.S. v. Booker (2005), 543 U.S. 220. Similarly, the Ohio Supreme Court limited Foster's application to those cases then before the trial courts or pending on direct review. State v. Deloach, Montgomery App. No. 21422, 2006-Ohio-6303, at ¶ 22. Jones's direct appeal ended in 2000; consequently, his appeal was not pending at a time that would allow him to seek relief under either of the aforementioned cases.
 {¶ 7} We find no arguable merit in Jones's claim of a constitutional violation under Blakely or under appointed counsel's suggestion ofFoster. The decision of the trial court is Affirmed.
WOLFF, P.J., and FAIN, J., concur.
Copies mailed to:
Mathias H. Heck, Jr.
Carley J. Ingram
Jeremiah Denslow
Eddie Jones, Jr.
 Hon. Gregory F. Singer *Page 1