The STATE of Ohio, Appellee,

v.

CLERE, Appellant.

[Cite as *State v. Clere*, 187 Ohio App.3d 682, 2010-Ohio-2884.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93081.

Decided June 24, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Brian P. Murphy and John Kosko, Assistant Prosecuting Attorneys, for appellee.

Susan J. Moran, for appellant.

JAMES J. SWEENEY, Judge.

{¶ 1} Defendant-appellant, Peter Clere ("defendant"), appeals from his conviction for sexual battery and designation as a Tier III sex offender. Defendant challenges the trial court's acceptance of his plea and the denial of his presentence motion to withdraw it and maintains that he was denied the effective assistance of counsel. For the reasons that follow, we reverse and remand for further proceedings.

{¶ 2} On January 27, 2009, defendant pleaded guilty to sexual battery, an amended charge under Count 1 of his indictment. In exchange, the state deleted the sexually-violent-offender and repeat-violent-offender specifications, as well as the notice of prior conviction. The state also dismissed two counts of kidnapping.

{¶ 3} The court engaged in a colloquy with defendant prior to accepting his guilty plea. During this discussion, defendant said that he was 45 years old. Defendant indicated he had a "slim" ability to read and write and had attained a ninth-grade education. At the time of the plea, defendant was taking "psych meds," but said that they did not affect his ability to understand the proceedings.

{¶ 4} The court explained that a sexual-battery conviction would classify defendant as a Tier III sex offender and require him to report "to the county sheriff every 90 days for the rest of [his] life." Defendant was told, "You have to go in there and tell them where you're living" and was asked whether he understood that instruction. Defendant said that he did not understand that because he would be homeless. After the court instructed defendant at length that he was required to keep the sheriff advised of his residence, the defendant said that he understood it and did not have any more questions about it. The court then asked, "Knowing this, do you still want to plead guilty today?" And defendant said, "Yes, ma'am. Let's just get this over with. That's all."

{¶ 5} The court then reviewed defendant's constitutional rights, including his right to trial, the state's burden of proof, his right to have witnesses brought in to testify on his behalf, and his right to remain silent. Defendant confirmed his understanding of these rights and that he was giving up these rights by entering the plea.

{¶ 6} At the sentencing hearing, defendant made an oral motion to withdraw his guilty plea based, in part, on misinformation that he had received from his counsel concerning the reporting requirements of the Tier III sex-offender classification and also on his proclamation of innocence. Defendant also said that he had reviewed the evidence and believed that the state would be unable to prove the charges against him.

{¶ 7} The trial court responded, "I do not grant those motions. So you're not going to be able to withdraw your plea. * * * [S]o that's my ruling on that. So make your motion.

{¶ 8} "Do you want to withdraw your plea?"

{¶ 9} Defendant responded, "Yes, ma'am."

{¶ 10} The court then denied the motion and stated, "[W]hen I go through your constitutional rights, I feel I've covered everything in great detail to make sure that you know what you're doing when you enter a plea.

{¶ 11} "And my general rule, policy, is that I don't let people withdraw their plea[s]."

{¶ 12} At this point, defendant insisted that he had not understood that he was subject to lifetime-registration requirements as a Tier III sex offender, but instead entered the plea with the belief that the registration requirements were for only a certain amount of time, not "all [his] life." Defendant's counsel confirmed that he had misinformed defendant of the reporting requirements by indicating that it was a 15–year, rather than lifetime, reporting requirement.

{¶ 13} The trial court proceeded to impose sentence. Defendant now appeals, raising three assignments of error for our review. We address only the second assignment of error because our disposition of it renders the remaining errors moot. App.R. 12(A)(1)(c).[1]

{¶ 14} "II. The trial court erred in rejecting appellant's pre-sentence motion to withdraw his guilty plea."

{¶ 15} At sentencing, defendant indicated his desire to withdraw his plea based, in part, on misinformation that he had received about the sex-offender-reporting requirements. His counsel confirmed that he had not conveyed the proper information to defendant in this regard.[2]

{¶ 16} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. However, "a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, *the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.* * * * Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." (Emphasis added.) Id. To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." Id.

{¶ 17} A trial court acts arbitrarily, and thus abuses its discretion, when it "refuse[s] to consider the facts and circumstances presented [and] instead relie[s] on a fixed policy established at its whim." *State v. Carter* (1997), 124 Ohio App.3d 423, 428, 706 N.E.2d 409 (holding a blanket policy of never accepting no-contest pleas was an abuse of discretion).

{¶ 18} In this case, the trial court did not exercise its discretion but rather denied the motion based on a stated policy to "not let people withdraw their plea." The state urges us to find that the court ultimately exercised its discretion in denying the motion, but the record reflects otherwise. The trial court unequivocally denied defendant's motion twice before defendant was able to

---

1. See appendix.

2. The record in this case depicts a defendant with a ninth-grade education, who was taking "psych meds" at the time he entered the plea. He indicated a "slim" ability to read and write. It is evident from the plea colloquy that the Tier III sex-offender classification and its registration requirement were significant to defendant, who struggled to comprehend it. The trial court did make a statement to the effect that the reporting requirement was lifelong, but the focus of the discussion was upon defendant's difficulty comprehending how he, being homeless, would be able to comply with the order to inform the sheriff of his residence. Ultimately, defendant said he understood the requirement to identify his residence and said, "[L]et's just get this over with." Defendant does not assert error with the trial court's review of his constitutional rights.

interject a substantive basis for it. The trial court did not afford defendant's motion full or fair consideration before denying it.

{¶ 19} We note that the trial court has the discretion to deny defendant's presentence motion to withdraw his plea, but it must first conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Then the court must exercise its discretion rather than applying a blanket policy in ruling on the motion. For these reasons, assignment of error II is sustained.

{¶ 20} Defendant's sentence is vacated, and the matter is remanded to the trial court for a hearing on defendant's presentence motion to withdraw his guilty plea.

Judgment reversed
and case remanded.

KILBANE, P.J., concurs.

COONEY, J., concurs in judgment only.

COONEY, Judge, concurring.

{¶ 21} I concur in judgment only because I would direct the trial court to vacate the plea, not just hold a hearing. Clere moved to vacate his plea prior to sentencing and stated two reasons: a claim of actual innocence and a misunderstanding regarding registration requirements. His counsel confirmed that he had also misunderstood the registration requirements. Because the court abused its discretion by denying Clere's motion, I would remand with instructions to vacate the plea. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.

## APPENDIX

"I. The court erred in accepting appellant's guilty plea and appellant's guilty plea is void and invalid in light of the fact that the plea was not entered knowingly, voluntarily, and intelligently when the Court failed to advise appellant of the penalties associated with plea [sic], in violation of appellant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

"III. Appellant was denied the right to effective assistance of counsel."