[Cite as *State v. Carey*, 2012-Ohio-3359.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 97444

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# KIRK CAREY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536537

BEFORE:    Jones, J., Blackmon, A.J., and Keough, J.

RELEASED AND JOURNALIZED:    July 26, 2012

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building
Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Carrie Heindrichs
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Kirk Carey, appeals from the trial court's decision to deny his request to withdraw his plea. Carey also appeals his 13-year sentence. We affirm.

## Procedural History and Facts

**{¶2}** In April 2010, Carey was indicted on several charges. In September 2011, after he was found competent to stand trial, Carey pleaded guilty to amended Counts 1 and 8 of the indictment, aggravated robbery each with one-year firearm specifications. As part of the plea agreement, the state and defense agreed that the two counts would not merge for the purpose of sentencing. The remaining counts of the indictment were nolled.

**{¶3}** Sentencing took place on October 5, 2011. During the hearing, prior to the trial court imposing sentence, Carey requested that he be allowed to withdraw his plea. The trial court denied his request. The court sentenced him to a 13-year prison term, which consisted of five years on Count 1, six years on Count 8, one year on each of the firearm specifications, with both counts and specifications to run consecutively.

**{¶4}** The facts that gave rise to the charges involved two robberies Carey committed four days apart, in broad daylight. The first robbery occurred in Lakeview Cemetery and involved a family. The parents, along with their 7- and 12-year old daughters, were visiting the cemetery and the mother was taking photographs. Carey

approached the husband and asked if he could use his phone. The husband told him that his phone was dead; Carey then demanded the husband's money. Carey had a gun in his waistband and told the husband "don't make me use this." After the husband gave Carey all his money, Carey demanded the keys to the family's vehicle. Carey drove off in the family's car, which had in it approximately $12,000 worth of photography equipment, as well as other personal effects belonging to the family.

{¶5} The second robbery occurred on Coventry Road in Cleveland Heights. Carey approached the victim, robbed him at gunpoint, got his car keys, and fled the scene in the victim's vehicle.

{¶6} Carey now assigns the following errors for our review:

[I.] The trial court erred in not allowing Appellant to withdraw his guilty plea prior to sentencing.

[II.] Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform him of his rights as required by Crim.R. 11(C)(2)(b), as it did not specifically inform that the court, upon acceptance of the plea, may proceed to with judgment and sentence.

[III.] Appellant's sentences are contrary to law.

Law and Analysis

{¶7} For his first assigned error, Carey contends that the trial court's denial of his request to withdraw his plea was an abuse of discretion. For his second assigned error, Carey contends that his plea was not knowingly, intelligently, and voluntarily made because the trial court did not inform that upon acceptance of the plea, the court may proceed with judgment and sentence. We disagree.

{¶8} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This court has treated a motion to withdraw a plea made at the sentencing hearing, prior to the court imposing a sentence, as a presentence motion. *See, e.g.*, *State v. Clere*, 187 Ohio App.3d 682, 2010-Ohio-2884, 933 N.E.2d 333 (8th Dist.), ¶ 15-16; *State v. Nicholson*, 8th Dist. No. 91652, 2009-Ohio-3592, ¶ 26, 29; *State v. Nicholson*, 8th Dist. No. 82825, 2004-Ohio-2394, ¶ 6-7. This court has further held that a defendant's motion to withdraw a guilty plea need not be written. *Nicholson*, at ¶ 8 ("Defendant's oral motion on the day of sentencing was * * * adequate.")

{¶9} The general rule is that motions to withdraw guilty pleas before sentencing are to be freely and liberally allowed. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), citing *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.* at paragraph two of the syllabus.

{¶10} The record here demonstrates that at the beginning of the sentencing hearing the trial court asked the parties if there was any reason not to proceed. Carey's attorney

responded "no." The trial court then allowed the state to proceed, and the assistant prosecuting attorney discussed the severity of the crimes and Carey's extensive criminal history. Carey's attorney then spoke on his behalf. One of the victims spoke next about the impact of the crime on himself and his family. Carey then had the opportunity to address the court and began by apologizing for his actions. Carey then disputed one of his prior convictions, and after the court told him that "[i]t's uncontroverted that you have that robbery conviction in Summit County," Carey asked to withdraw his plea; the court denied his request.

{¶11} On this record, we find that Carey merely had a change of heart, which is not a sufficient ground to withdraw a plea. *State v. Deloach*, 2d Dist. No. 21422, 2006-Ohio-6303, ¶ 17. The record here demonstrates that Carey was represented by counsel who competently advocated on his behalf throughout the proceedings. Further, our review of the record shows that the trial court complied with the constitutional and procedural safeguards contained within Crim.R. 11. We overrule Carey's argument that his plea was invalid because the trial court failed to inform him that upon acceptance of his plea the court could immediately proceed to judgment and sentence. Carey was *not* immediately sentenced; rather sentencing occurred approximately two weeks after the plea, after a presentence investigation report had been completed. Carey, therefore, was not prejudiced by the court's omission. *See State v. Johnson*, 11th Dist. No. 2002-L-024, 2004-Ohio-331, ¶ 20.

{¶12} In light of the above, the first and second assignments of error are overruled.

**{¶13}** In his final assignment of error, Carey contends that the trial court erred in sentencing him to consecutive terms.

**{¶14}** We review felony sentences under the standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.   First, we examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.   If this first prong is satisfied, the trial court's decision is then reviewed under an abuse-of-discretion standard.

**{¶15}** Through the enactment of H.B. 86, the General Assembly recently amended Ohio's sentencing statutes.   H.B. 86 became effective on September 30, 2011, and Carey was sentenced on October 5, 2011; therefore, the amendments were applicable to him. Relative to this appeal, the revisions under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences.   Specifically, R.C. 2929.14(C)(4) provides as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or

more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** In sentencing Carey, the trial court stated in relevant part the following:

You have a long criminal history. And it's surprising in some respects to see that it looks like it's escalating with your age rather than de-escalating.

You do have an extensive record. I believe you've been to prison on at least 8 separate occasions. You have violated supervision when placed on supervision. I take exception to the fact that you say that they have been all petty — I think is the word you used — offenses.

* * *

This is bad conduct. You've been sent to prison for years and years.

* * *

But this is a public safety issue. And after doing that to this family and taking their car, 4 days later another robbery with a gun on a public busy street. You're dangerous. You have a high risk of re-offending. * * *

* * *

And I know that your attorney is begging for concurrent time. I'm making a finding that I do not believe, given the factors I've stated on the record here today, such as the seriousness of the offense [and] the danger posed by you, that that is an appropriate sentence to impose. And that is the finding that I make and I've given reasons for it, as well.

**{¶17}** On this record, we find that the trial court made the statutorily mandated findings for the imposition of consecutive sentences. The third assignment of error is therefore overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR