[Cite as *State v. Britton*, 2013-Ohio-99.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98158**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL BRITTON

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552875

**BEFORE:** Jones, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 17, 2013

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Hts., Ohio 44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: John P. Colan
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Michael Britton appeals from the portion of the trial court's judgment of conviction and sentence in which it imposed costs against him. Britton also appeals from the trial court's denial of his oral motion to withdraw his plea, which was made immediately after the court sentenced him.   We affirm.

I.   Procedural History and Facts

{¶2} In August 2011, Britton was charged with kidnapping, a first degree felony, and felonious assault, a second degree felony.   The victim of the offenses was Carmetta Allen, and the charges resulted from Britton knocking her into a brick wall and choking her.   Allen suffered a head concussion, a fractured nose and eye socket, and swelling on her neck.   She incurred $2,766 for medical treatment of her injuries and did not have insurance.

{¶3} After negotiations between the parties, the state offered Britton a plea arrangement whereby Britton would plead guilty to an amended charge of aggravated assault, a felony of the fourth degree, and would stipulate to restitution in the amount of $2,766; in exchange, the state would dismiss the kidnapping charge.

{¶4} The trial court engaged in a colloquy with Britton, explaining the rights he would be waiving by pleading guilty.   Britton indicated that he understood and the court accepted his plea, finding that it was knowingly, intelligently, and voluntarily made. After hearing from the victim, the trial court proceeded immediately to sentencing, and imposed an 18-month prison term, the maximum for a fourth degree felony.   The court

also ordered that Britton pay $2,766 in restitution to Allen and the court costs. Britton asked the court if he could withdraw his plea; the court denied his request. Britton now raises two assignments of error for our review:

> I. The trial court committed reversible and plain error in assessing court costs against Michael Britton absent complying with R.C. 2947.23(A).
>
> II. The trial court erred in refusing to allow Michael Britton to withdraw his guilty plea, thereby committing a manifest injus[t]ice.

## II. Law and Analysis

{¶5} For his first assigned error, Britton challenges the assessment of costs against him.

{¶6} Britton first contends that the trial court was on "notice that [he] was indigent, since his attorney was from the public defender's office." According to Britton, his trial attorney "committed plain error by not moving the court to waive costs due to defendant's indigency." Although not framed as such, we treat Britton's contention as an ineffective assistance of counsel claim.

{¶7} To substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 25 Ohio St.3d 144, 147-148, 495 N.E.2d 407 (1986).

{¶8} This court has found counsel ineffective for failing to file an affidavit of

indigency for a defendant when the "record shows there is a reasonable probability the defendant would have been found indigent." *State v. Huffman*, 8th Dist. No. 63938 1995 Ohio App. LEXIS 233 (Jan. 26, 1995), citing *State v. Powell*, 78 Ohio App.3d 784, 605 N.E.2d 1337 (3d Dist.1992).

{¶9} The record here does not show a reasonable probability that Britton would have been found indigent so as to have had the court costs waived. At the hearing, defense counsel stated that Britton was employed and that he would continue to work so that he could pay his restitution to Allen, which was part of the plea agreement. In light of this, defense counsel was not ineffective for not filing an affidavit of indigency and seeking to waive the court costs for Britton.

{¶10} Britton's second contention is that the trial court did not sufficiently comply with R.C. 2947.23 in ordering him to pay costs. That section provides in part as follows:

> (A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

**{¶11}** The trial court stated the following in assessing costs against Britton:

* * * I will impose court costs associated with this case as well as the $2,766 in restitution. I will advise you, however, with respect to the court costs that you may perform community work service in an amount of not more than 40 hours per month until that judgment for court costs is paid or until the Court is satisfied that you are in full compliance with any payment schedule.

You will receive credit at the specified hourly credit rate for any hours of court community work service performed and each hour of community service performed will reduce the judgment for costs by that much.

**{¶12}** According to Britton, the court's advisement "did not notify him that if he does not pay court costs he can be ordered to perform community service until he satisfies his obligation, as R.C. 2947.23(A)(1) requires." We disagree. The court's advisement to Britton was to pay the court costs or perform community work service to pay off the costs. That advisement was compliant with R.C. 2947.23.

**{¶13}** In light of the above, the first assignment of error is overruled.

**{¶14}** For his second assigned error, Britton contends that the trial court erred by denying his request to withdraw his guilty plea.

**{¶15}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea." Crim.R. 32.1.

{¶16} Thus, pursuant to Crim.R. 32.1, a postsentence motion to withdraw a guilty plea, such as Britton's, may be granted only to correct manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

{¶17} A postsentence motion to withdraw a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a postsentence motion to withdraw a plea is limited to a determination of whether the trial court abused its discretion. *Id.* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980). An abuse of discretion constitutes more than an error of law or judgment; it implies that the court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶18} Britton's appellate counsel states that there is "no doubt" in her mind that the defense was prepared for trial, but, based on some unknown circumstance, Britton entered a plea. Counsel further states, "[f]or all we know, there was some pressure placed upon Michael Britten [sic], one way or another." Counsel concludes that "[o]bviously, his plea was not willingly or voluntarily tendered."

{¶19} Our review of the record demonstrates otherwise, however. Specifically,

the trial court complied with the constitutional and procedural safeguards contained within Crim.R. 11 in accepting Britton's plea. Neither counsel's speculation about pressure having been put on Britton nor counsel's conclusory assertion that his plea was not willing or voluntary establish manifest injustice.

{¶20} The record here demonstrates that Britton merely had a change of heart. A change of heart, however, is not a sufficient ground to withdraw a plea. *State v. Carey*, 8th Dist. No. 97444, 2012-Ohio-3359, ¶ 11, citing *State v. Deloach*, 2d Dist. No. 21422, 2006-Ohio-6303, ¶ 17. Otherwise, "'the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.'" *Peterseim* at 213, quoting *Kadwell v. United States*, 315 F.2d 667 (9th Cir.1963).

{¶21} Finally, Britton contends that the trial court should have at least held a hearing on his request to withdraw his plea. We disagree. This court has previously held that a trial court's decision to deny a postsentence motion to withdraw a plea without a hearing is "given deference, especially in a case where the trial court took the plea and thus was familiar with the facts of the case." *State v. Atkinson*, 8th Dist. No. 85773, 2005-Ohio-5348. In such circumstances, the trial court is in the best position to assess the credibility of the movant's assertions. *State v. Nieves*, 8th Dist. No. 92797, 2010-Ohio-514, ¶ 14; *see also State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶22} Here, the trial court took Britton's plea and thereafter immediately

proceeded to sentencing. Britton addressed the court, but never raised concerns about his plea. After the trial court sentenced him to the maximum term, he requested to withdraw his plea. On this record, we will not disturb the trial court's decision to not have a hearing on Britton's request.

{¶23} In light of the above, the second assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR