DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert C. Earl, appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, denying his motion for reimbursement of child support overpayments. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Phyllis M. Earl, were granted a divorce on April 16, 1998, in the Lorain County Court of Common Pleas, Domestic Relations Division. The parties had four children, one of which was emancipated at the time of the judgment entry of divorce. On September 8, 1999, a second child was found to be emancipated. Therefore, a judgment entry was issued stating that Appellant should pay support for three unemancipated children. However, at the time of the entry, only two unemancipated children remained. The entry stated that Appellant was to pay $162.50 per month for each child. On October 21, 2002, the trial court terminated the support obligation of the parties' oldest child, who was emancipated at the time of the divorce. As a result of the October order, Appellant filed a motion for reimbursement of child support overpayments on July 15, 2003.
 {¶ 3} Both parties filed briefs with the trial court outlining their positions with regard to whether Appellant was entitled to reimbursement. Appellant asserted that he had been paying weekly child support for an emancipated child and was entitled to reimbursement for those payments. Appellee averred that Appellant had agreed to pay $150.00 per week for child support, without mention of the number of children. Appellee supported her position by providing the trial court with letters written by Appellant's trial counsel which stated that Appellant would pay $150.00 per week for child support. Ultimately, the trial court found that Appellant had agreed to pay $150.00 per week in child support and as such did not make any overpayments and was not entitled to reimbursement. In its entry, the trial court also vacated the September 8, 1999, and October 21, 2002, judgment entries. Appellant timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"The trial court erred to the prejudice of appellant when it denied his motion for reimbursement of child support overpayments and vacated two prior court judgment entries."
 ASSIGNMENT OF ERROR II
"The trial court erred to the prejudice of appellant when it vacated its judgment entries of september 8, 1999 and october 21, 2002 as said orders were final, appealable orders from which no appeal was made."
 {¶ 4} As both of Appellant's assignments of error contend that the trial court erred in denying his motion and vacating its prior judgments, this Court will address the errors together. In both of his assignments of error, Appellant avers that the trial court erred in denying his motion for reimbursement and vacating its prior judgment entries. We disagree.
 {¶ 5} A trial court has broad discretion in matters of domestic relations. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. As such, the trial court's judgment will not be disturbed absent an abuse of discretion. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 94. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore,5 Ohio St.3d at 219.
 {¶ 6} In the instant case, Appellant requested that he be reimbursed for the overpayment of his child support obligations. Appellant claimed that the judgment entries of the trial court clearly indicated that he had paid monies for an emancipated child, approximately $8,500.00. In response to Appellant's motion, Appellee filed a brief in opposition. In support of her brief, Appellee provided the trial court with two letters written by Appellant's trial counsel. The letters, dated December 10, 1997 and March 5, 1998, both make reference to Appellant paying $150.00 per week for child support. The December letter stated as follows: "My client will continue to pay $150.00 per week for child support[.]" Additionally, the March letter stated as follows: "Even though my client would only pay $140.00 for the children in child support [according to the support guidelines], my client agrees to pay $150.00 per week for child support."
 {¶ 7} Therefore, the trial court had before it competent, credible evidence that Appellant agreed to pay a set amount of child support each week. As such, this Court cannot say that the trial court acted in an unreasonable, arbitrary, or unconscionable manner when it determined that Appellant had agreed to pay $150.00 per week for child support and had not made any overpayments.
 {¶ 8} Appellant has also argued that the trial court erred when it vacated its two prior judgment entries. Civ.R. 60 provides the mechanism by which a court may vacate a previous order. A trial court may correct a clerical mistake on its own initiative or upon motion of a party. Civ.R. 60(A). However, when correcting substantive mistakes, the rule does not provide that a trial court may act on its own initiative. Civ.R. 60(B). As such, a trial court is without authority to sua sponte vacate a judgment under Civ.R. 60(B). Coffman v. Coffman (Jun. 28, 1995), 2nd Dist. No. 94-CA-104. However, Civ.R. 60(B) does provide that:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 9} Appellant contends that the trial court vacated its prior judgments sua sponte and as such lacked the authority to do so. This Court does not find Appellant's argument persuasive. The record reflects that the trial court was not acting sua sponte. Rather, the trial court vacated its prior orders in response to Appellant's motion for reimbursement of child support payments. There is nothing in the record to indicate that the trial court was sua sponte vacating its prior orders rather than ruling on Appellant's motion. See Coffman, 2nd Dist. No. 94-CA-104 (finding that trial court's vacating of prior order was in accord with Civ.R. 60 because it was in response to a motion to modify child support). As such, we find that the trial court had authority under Civ.R. 60(B) to vacate its prior entries because it acted in response to Appellant's motion for reimbursement of overpayment of child support. Accordingly, both of Appellant's assignments of error are overruled.
 III. {¶ 10} Appellant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Concurs.