[Cite as *State v. Jones*, 2018-Ohio-954.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105279**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTHONY J. JONES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601664-A

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 15, 2018

**ATTORNEY FOR APPELLANT**

David M. Lynch
333 Babbitt Road, Suite 333
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Anthony J. Jones ("Jones") appeals the trial court's denial of his motion to vacate his guilty plea and the denial of credit for time served through a nunc pro tunc order. We affirm in part, reverse in part, and remand.

{¶2} On March 23, 2016, Jones pled guilty to aggravated vehicular assault, a fourth-degree felony, in violation of R.C. 2903.08(A)(2)(a). Jones was sentenced to 18 months in prison to be served consecutively to the time he was currently serving for violating his community control sanctions from a previous case, Cuyahoga C.P. No. CR-15-596387. In addition, Jones was ordered to pay restitution in the amount of $2,790.12, and given credit for time served on this case.

{¶3} On May 11, 2016, Jones filed a motion for jail-time credit that the judge ordered during his sentencing. Without a hearing, on May 19, 2016, the trial court issued a journal entry that granted the motion. On July 12, 2016, the trial court issued a nunc pro tunc entry indicating that the motion for jail-time credit was denied since Jones was serving consecutive sentences. On October 14, 2016, Jones filed two motions: a motion to correct the nunc pro tunc entry in order to restore the jail-time credit and a motion to vacate the plea.

{¶4} In his motion to vacate his guilty plea, Jones argued that, under the threat of the state reindicting him to include an alcohol specification, he was forced to plead guilty to the lesser charge of aggravated vehicular assault. Both motions were denied, and

Jones filed this timely appeal asserting two assignments of error:

I. The trial court committed error by denying Jones's motion to vacate his guilty plea when he was threatened with re-indictment on a more severe crime if he did not plead guilty; and,

II. The trial court committed error by withdrawing credit for time served sua sponte in a nunc pro tunc entry.

## I. Motion to Vacate a Guilty Plea

### A. Standard of Review

{¶5} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

> Thus, pursuant to Crim.R. 32.1, a postsentence motion to withdraw a guilty plea, such as Britton's, may be granted only to correct manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

*State v. Britton*, 8th Dist. Cuyahoga No. 98158, 2013-Ohio-99, ¶ 16.

{¶6} However, we review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Britton*, 8th Dist. Cuyahoga No. 98158, 2013-Ohio-99, ¶ 17, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus, and *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980). An "abuse of discretion" requires more than an error of law or of judgment; it "implies that the court's attitude is

unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Unless it is shown that the trial court acted unreasonably, arbitrarily, or unconscionably in denying Jones's request to withdraw his plea, there is no abuse of discretion. *State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 28.

### B. Law and Analysis

{¶7} In Jones's first assignment of error, he argues that the trial court erred by denying his motion to vacate his guilty plea.

> The withdrawal of a guilty plea is governed by Crim.R. 32.1, which states: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

*Id*. at ¶ 23.

{¶8} Jones must establish that a manifest injustice exists.

> [A] defendant who moves to withdraw his plea after the imposition of sentence "has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph one of the syllabus. Either way, a motion made pursuant to Crim.R. 32.1 is "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus.

*State v. Mathis*, 8th Dist. Cuyahoga No. 100342, 2014-Ohio-1841, ¶ 16.

{¶9} As such, [t]his court has described "manifest injustice" as a

> "clear or openly unjust act," * * * "an extraordinary and fundamental flaw in the plea proceeding[,]" * * * a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the

resulting prejudice through another form of application reasonably available to him or her. *Nicholson* at ¶ 15, quoting *State v. Sneed*, 8th Dist. No. 80902, 2002-Ohio-6502.

*Rogers,* 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 26.

{¶10} During the plea hearing, the trial court asked Jones, "[h]as anyone threatened you with anything or promised you anything outside of what we've put on the record in open court this afternoon to get you to enter into this plea?" (Tr. 5.) To which Jones replied, "No, your honor." (Tr. 5.) In his statement to the trial court, Jones was clear to the court that he was not threatened.

{¶11} In *Mathis* at ¶ 12, this court found no error with the trial court explaining to the defendant, "he should be aware that the plea bargain might be his best option in light of the possibility of a reindictment." Additionally, the *Mathis* court held that "[t]here is not any indication that the trial court induced his guilty plea by false promises or threats." *Id*. at ¶ 14. Similarly in this case, we find no error with Jones's counsel explaining to him that it was a possibility that the state could reindict him on a much serious felony. In fact, as his attorney, it was his duty to explain the consequences of Jones accepting or not accepting a plea. "In representing a client, a lawyer shall exercise independent professional judgment and render candid advice." Prof.Cond.R. 2.1. We find that the trial court did not abuse its discretion when it denied appellant's motion to vacate because the appellant had not establish that a manifest injustice occurred.

{¶12} Jones's first assignment of error is overruled.

**II.     Nunc Pro Tunc Order**

**{¶13}** In Jones's second assignment of error, he contends that the trial court committed error by withdrawing credit for time served sua sponte in a nunc pro tunc entry. We agree.

> In *Scaglione v. Saridakis*, 8th Dist. Cuyahoga No. 91490, 2009-Ohio-4702, this court reiterated the longstanding rule of the use of nunc pro tunc as follows: "A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide." *Id*. at ¶ 9, quoting *State v. Greulich*, 61 Ohio App.3d 22, 24-25, 572 N.E.2d 132 (9th Dist.1988).

*Alden v. FirstEnergy Corp*., 8th Dist. Cuyahoga No. 100575, 2014-Ohio-3235, ¶ 10.

**{¶14}** In *State ex rel. Townsend v. Calabrese*, 8th Dist. Cuyahoga No. 97822, 2012-Ohio-1649, ¶ 6, this court stated that "[n]unc pro tunc orders may be used only to correct authentic clerical errors and not to effect what the judge intended to do or should have done * * *." A nunc pro tunc entry does not replace the original judgment entry; it relates back to the original entry. *State v. Bonnell*, 8th Dist. Cuyahoga No. 102630, 2015-Ohio-4590, ¶ 14.

**{¶15}** However, in the instant case, the trial court used the nunc pro tunc order to withdraw credit for jail-time served that it had previously granted. At sentencing, the trial court gave Jones credit for time he already served on this case. The original journal

entry did not reflect that particular part of the trial court's judgment. Jones then filed a motion for the jail-time credit to be reflected in the journal entry. The trial court granted the motion. Then soon after, through a nunc pro tunc order, rescinded the original decision, stating that because Jones was serving consecutive sentences, the jail-time credit was incorrect.

> **{¶16}** The trial court cannot use a nunc pro tunc order in this fashion.
>
> The purpose of a nunc pro tunc entry "is restricted to placing upon the record evidence of judicial action which has been actually taken" and "it can be exercised only to supply omissions in the exercise of functions that are clerical merely." *Jacks v. Adamson*, 56 Ohio St. 397, 402, 47 N.E. 48 (1897); "The function of nunc pro tunc is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth." *Ruby v. Wolf*, 39 Ohio App. 144, 177 N.E. 240 (1931) (Emphasis added.); *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App. 3d 116, 498 N.E.2d 1079 (1985). *See also*, *Pepera v. Pepera*, 8th Dist. Cuyahoga Nos, 51989 and 52024m 1987 Ohio App. LEXIS 6807 (Mar. 26, 1987), (A court may not by way of a nunc pro tunc entry, enter of record that which it intended or might have made but which in fact was not made.)

*McGowan v. Giles*, 8th Dist. Cuyahoga No. 76332, 2000 Ohio App. LEXIS 1006 (Mar. 16, 2000)

**{¶17}** The trial court unquestionably erred by granting Jones's May 11, 2016 motion for jail-time credit. Pursuant to R.C. 2967.191, a defendant is not entitled to any jail-time credit for any period of incarceration that arose from facts separate and apart from those facts on which his or her current sentence is based. *State v. Lowe,* 8th Dist. Cuyahoga No. 99176, 2013-Ohio-3913, ¶ 29; *State v. Frazier,* 8th Dist. Cuyahoga No. 86984, 2016-Ohio-302, ¶ 14. Here, Jones was serving a consecutive sentence for a

separate offense during the pendency of this case. Accordingly, he was not entitled to jail-time credit in this case.

**{¶18}** However, in addition to not being able to use a nunc pro tunc entry to correct its prior judgment, a trial court has no authority to sua sponte vacate or modify its final orders. *Dickerson v. Cleveland Metro. Hous. Auth.,* 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437, ¶ 7, citing *N. Shore Auto Financing, Inc. v. Valentine*, 8th Dist. Cuyahoga No. 90686, 2008-Ohio-4611, ¶ 12. Relevant to the issue presented in this case, Ohio courts have held that an order awarding the jail-time credit is a final appealable order pursuant to R.C. 2505.02(B). *See State v. Patton*, 5th Dist. Stark No. 2009 CA 00201, 2009-Ohio-6562, ¶ 14; *State v. Tully*, 5th Dist. Stark No. 2001 CA 00313, 2002-Ohio-1290; *State v. Magee*, 5th Dist. Guernsey No. 04-CA-13, 2005-Ohio-483. Thus, the trial court did not have the authority to sua sponte modify its May 19, 2016 order granting Jones's motion for 102 days of jail-time credit. Rather, the authority to challenge the trial court's judgment awarding Jones jail-time credit rested with the state.

**{¶19}** It is imperative that final judgments be disturbed only pursuant to the limited avenues afforded under the law. In order to correct the trial court's error in this case, the state was required to obtain leave from this court to file an appeal within 30 days of the final order. "[W]e note that the state's authority to pursue an appeal from the decision of the trial court granting jail- time credit, as well as the calculation of the number of days to be credited, is not by right under R.C. 2945.67, but rather may only be appealed by

leave of court." *State v. Olmstead*, 5th Dist. Richland No. 2007-CA-119, 2008-Ohio-5884, ¶ 10. *See* App.R. 5(C); *State v. Roey*, 8th Dist. Cuyahoga No. 97484, 2012-Ohio-2207, ¶ 9; *State v. Norman*, 5th Dist. Muskingum No. CT2012-0061, 2013-Ohio-1866. In this case, the state did not attempt to obtain leave from this court to appeal the trial court's May 19, 2016 order.

{¶20} While R.C. 2929.19(B)(2)(g)(iii) grants trial court's continuing jurisdiction to correct any error made in making a determination of the amount of jail-time credit upon the motion filed by the offender, the statute does not provide the state with the same post-sentence rights. Thus, the trial court was without continuing jurisdiction at the time it modified its original judgment via a nunc pro tunc entry. The trial court's nunc pro tunc entry was a nullity. It follows that the trial court's subsequent denial of Jones's renewed motion for jail-time credit was also a nullity. Accordingly, the trial court's May 19, 2016 order remains in effect. Therefore, we reverse the trial court's decision to withdraw credit for jail-time served.

{¶21} Appellant's second assignment of error is sustained.

{¶22} In conclusion, the trial court's denial of appellant's motion to vacate his guilty plea is affirmed. However, we reverse the trial court's order to withdraw appellant's jail-time credit and order that the May 19, 2016 judgment granting Jones's motion for 102 days of jail-time credit be reinstated.

**{¶23}** Judgment is affirmed in part and reversed in part.   This matter is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that the appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY