[Cite as *Crossroads Auto Care, L.L.C. v. Cales*, 2022-Ohio-1008.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| CROSSROADS AUTO CARE LLC, | CASE NO. 2021-P-0050 |
| Plaintiff-Appellee, | Civil Appeal from the Municipal Court, Ravenna Division |
| - v - | |
| NATHANIEL CALES d.b.a. FIG TREE PROPERTIES LLC, et al., | Trial Court No. 2021 CVF 00103 R |
| Defendants-Appellants. | |

## O P I N I O N

Decided: March 28, 2022
Judgment: Affirmed

*Thomas J. Sicuro*, Sicuro & Simon, 213 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee, Crossroads Auto Care LLC).

*Robert E. Rosenberg*, 533 East Main Street, Ravenna, OH 44266 (For Defendant-Appellant, Nathaniel Cales d.b.a. Fig Tree Properties LLC).

*Eric Fink*, 11 River Street, Kent, OH 44240 (For Defendant-Appellant, Shane Lovejoy).

MATT LYNCH, J.

{¶1} Defendants-appellants, Nathaniel Cales dba Fig Tree Properties LLC and Shane Lovejoy, appeal the decision of the Portage County Municipal Court, Ravenna Division, to vacate its earlier dismissal of plaintiff-appellee, Crossroads Auto Care LLC's, Complaint. For the following reasons, we affirm the decision of the court below.

{¶2} On January 19, 2021, Crossroads Auto Care filed a Complaint in the municipal court against the defendants for damages arising out of a contract to install a concrete floor.

{¶3} On February 19, 2021, Cales/Fig Tree Properties filed a Motion to Dismiss Plaintiff's Complaint; Motion for a More Definite Statement pursuant to Civil Rules 12(B)(5), (6), (7), and 12(E).

{¶4} On February 22, 2021, Lovejoy filed a Motion to Dismiss Plaintiff's Complaint pursuant to Civil Rule 12(B)(5), (6), and (7).

{¶5} Also on February 22, 2021, the municipal court issued the following Order: "Upon written motion and for good cause shown, Plaintiff Crossroads Auto Care LLC's Complaint is hereby dismissed with prejudice." The Order is captioned with the name of Magistrate Stephen Smith. It is signed by Judge Melissa R. Roubic.

{¶6} On February 24, 2021, the municipal court issued an Order that the matter be "set for status hearing on magistrate's schedule to clarify proper parties & complaint allegations." The Order is captioned with the name of Judge Roubic and signed by the same. A "civil status hearing" was scheduled with Magistrate Smith for April 8, 2021.

{¶7} On April 9, 2021, the municipal court issued a Decision of the Magistrate. The decision provided as follows: "The [present] action came on for hearing before the Magistrate on Thursday, April 8, 2021. * * * This case was dismissed on Feb. 22, 2021 w/ prejudice. No action taken. Matter not currently pending. All parties present through counsel. Discussion had without record."

{¶8} On April 13, 2021, the municipal court judge adopted the Magistrate's Decision.

{¶9} On April 23, 2021, Crossroads Auto Care filed a Motion to Vacate Order of Dismissal with Prejudice and to Reinstate Case. The Motion to Vacate addressed the merits of the defendants' Motions to Dismiss and argued that "plaintiff feels that defendant Cales has pulled the wool over the court's eyes here, and gotten the court to dismiss a case which never should have been dismissed."

{¶10} On April 29, 2021, the municipal court issued a Judgment Entry which stated: "Court vacates dismissal of 2/22/21 due to Court error."

{¶11} On May 6, 2021, the defendants filed a Notice of Appeal. On appeal, they raise the following assignment of error: "The Trial Court improperly vacated the final and appealable Order issued on February 22, 2021 dismissing Crossroads' Complaint with prejudice."

{¶12} On appeal, the defendants argue that the February 22, 2021 Order, dismissing the Complaint with prejudice, was a final order that the municipal court was without jurisdiction to vacate. *Discover Bank v. Passmore*, 11th Dist. Lake No. 2015-L-098, 2016-Ohio-3121, ¶ 19. Concomitantly, the defendants argue that Crossroads Auto Care's Motion to Vacate was essentially a motion for reconsideration which is a legal nullity with respect to a final judgment. Rather, Crossroads Auto Care's remedy lay in a direct appeal from the February 22 Order. *Green v. Clair*, 9th Dist. Summit No. 26918, 2014-Ohio-1605, ¶ 12. Crossroads Auto Care argues in response that this court should treat its Motion to Vacate as a motion for relief from judgment pursuant to Civil Rule 60(B).

{¶13} Challenges to a lower court's authority to exercise jurisdiction are reviewed de novo. *Fletcher v. Estate of Fletcher*, 2014-Ohio-5377, 25 N.E.3d 379, ¶ 29 (11th Dist.).

3

{¶14} The defendants' positions as to the municipal court's lack of authority to vacate or otherwise modify a final judgment are accurate statements of the law. Likewise, a motion for relief from judgment is not a proper substitute for an appeal however it may be denominated. Finally, Crossroads Auto Care's motion to vacate addresses the merits of the defendants' Motions to Dismiss rather than raising any recognized grounds for relief under Civil Rule 60(B).

{¶15} We affirm the trial court's reinstatement of the Complaint, nevertheless, as an exercise of the municipal court's authority to correct clerical mistakes in judgment under Civil Rule 60(A), which provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."

{¶16} Relatively recently, this court addressed a similar situation in which the Portage County probate court vacated a final order that had been issued in error. We noted "that the purported error was not in the Order but in the fact that the Order was issued at all – the blunder was not in the execution but was the execution." *In re Guardianship of Rhinehart*, 11th Dist. Portage No. 2020-P-0047, 2020-Ohio-7005, ¶ 23. This court relied on authority in which other erroneously issued decisions were subsequently vacated pursuant to Civil Rule 60(A). *See Kuczak v. Binkley*, 2d Dist. Montgomery No. 22732, 2008-Ohio-6043; *McDonald v. Tucker*, 2d Dist. Montgomery No. 17107, 1999 WL 959209.

{¶17} As in the cases relied upon, it is evident in the present case that the municipal court's Order dismissing the Complaint had been inadvertently issued. We

4

note that, although it was captioned as an Order of the magistrate, it was signed by the municipal court judge. More significant is the fact that two days after it was issued, the municipal court ordered the matter to be set for a status hearing before the magistrate in order "to clarify" the issues that had been raised in the Motions to Dismiss. The matter was duly set, and the hearing held despite the fact that the matter had been formally dismissed. The court's conduct in setting the matter for hearing was inconsistent with an intentional decision to dismiss the matter on the merits.

**{¶18}** Also relevant to our determination is the fact that the dismissal Order was issued three days after Cales/Fig Tree Properties' Motion to Dismiss and on the same day as Lovejoy's Motion to Dismiss were filed. Under the Civil Rules, Crossroads Auto Care had fourteen days to respond to the Motions. Civ.R. 6(C)(1) ("[r]esponses to a written motion * * * may be served within fourteen days after service of the motion"). The February 22 dismissal, if it did reflect the municipal court's true intention, would have violated Crossroads Auto Care's due process rights and constituted reversible error. *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 519-520, 721 N.E.2d 1029 (2000) ("[a] 'reasonable opportunity to defend against dismissal' * * * contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court"); *Gibson-Myers & Assocs., Inc. v. Pearce*, 9th Dist. Summit No. 19358, 1999 WL 980562, *4 ("if a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error").

**{¶19}** Finally, the conclusion that the dismissal was inadvertent is supported by the April 29 Entry which vacated the dismissal "due to Court error." Crossroads Auto

5

Care moved to vacate the dismissal by arguing the merits of the Motions to Dismiss. The April 29 Entry mentions neither Crossroads Auto Care's Motion nor the merits but only the court's error. While the municipal court's Entry is ambiguous inasmuch as it did not elaborate on exactly what that error was, the foregoing points compel the conclusion that the dismissal had been granted inadvertently, before Crossroads Auto Care had an opportunity to respond and before the court had considered the merits of dismissal. Accordingly, the court was entitled to vacate its Order pursuant to Civil Rule 60(A).

{¶20} The sole assignment of error is without merit.

{¶21} For the foregoing reasons, the Judgment of the Portage County Municipal Court, Ravenna Division, is affirmed. Costs to be taxed against the appellants.


THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

6

Case No. 2021-P-0050