[Cite as *Eagle Ridge Subdivision Property Owners Assn., Inc. v. Slodov*, 2025-Ohio-2569.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| EAGLE RIDGE SUBDIVISION PROPERTY OWNERS ASSOCIATION, INC., | CASE NO. 2025-G-0001 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| LEONARD SLODOV, et al., | Trial Court No. 2024 F 000594 |
| Defendants-Appellants. | |

## OPINION AND JUDGMENT ENTRY

Decided: July 21, 2025
Judgment: Reversed

*Steven M. Ott*, *Hilary A. Hall*, and *Devonice K. Austin*, Ott & Associates Co., LPA, 1300 East 9th Street, Suite 1520, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Jeffrey J. Fanger* and *Gerry Davidson*, Fanger & Davidson, LLC, 8396 Mayfield Road, Chesterland, OH 44026 (For Defendants-Appellants).

SCOTT LYNCH, J.

{¶1} Defendants-appellants, Leonard and Dawn Slodov, appeal from the judgments of the Geauga County Court of Common Pleas, vacating the court's prior order dismissing the action filed by plaintiff-appellee, Eagle Ridge Subdivision Property Owners Association, and allowing Eagle Ridge to file a brief in opposition to the Slodovs' motion to dismiss. For the following reasons, we reverse the judgments of the lower court and reinstate the trial court's December 10, 2024 judgment dismissing the matter.

{¶2} On September 16, 2024, Eagle Ridge filed a foreclosure complaint in the

Geauga County Court of Common Pleas against the Slodovs, Mortgage Electronic Registration Systems, Inc., and the Geauga County Treasurer. The complaint alleged that Eagle Ridge filed a certificate of lien on real property owned by the Slodovs for $1,642.50 on March 15, 2023, to secure payment of monthly assessments and late fees. It contended that the Slodovs owed additional assessments of $8,538 as well as maintenance fees in an undetermined amount. Eagle Ridge requested foreclosure and a personal judgment against the Slodovs.

{¶3} On October 28, 2024, the Slodovs filed a motion to dismiss based on procedural concerns with the complaint. The trial court denied the motion.

{¶4} The Slodovs filed a second motion to dismiss on November 19, 2024. They argued that Eagle Ridge's claims were barred for various reasons, including res judicata, estoppel, laches, accord and satisfaction, claim preclusion, and the existence of a settlement agreement. They contended that the issues raised by Eagle Ridge had been addressed in prior litigation in Geauga County Common Pleas Case No. 22P000052.

{¶5} Eagle Ridge filed a December 9, 2024 motion for leave to file a brief instanter, on the ground that it incorrectly noted the deadline to respond. It attached a brief in opposition contending that this court previously rejected the Slodovs' arguments on the ground of res judicata, citing *Slodov v. Eagle Ridge Subdivision Property Owners Assn., Inc.*, 2024-Ohio-143 (11th Dist.).

{¶6} The lower court issued a December 10, 2024 journal entry ruling on the Slodovs' Motion to Dismiss. It observed that Eagle Ridge failed to file a response and concluded that, "[u]pon review of said Motion, said Motion is granted and Plaintiff's Complaint is hereby dismissed." On December 11, 2024, the court issued an order accepting Eagle Ridge's brief in opposition and providing the Slodovs time to respond.

The Slodovs and Eagle Ridge subsequently filed responses advancing arguments relating to dismissal.

{¶7} On December 19, 2024, the court filed an "Order Vacating 12/10/2024 Order Granting Defendants['] Motion to Dismiss." The court found that its December 10 judgment had been "based in part on the fact that Plaintiff had not opposed Defendants' Motion to Dismiss" and the court had been unaware of Eagle Ridge's December 9 motion. The court observed that both parties subsequently briefed the issues and it concluded that, "[a]t this point, the Court is totally uncertain what fees may have been discussed by the parties when reaching their prior settlement." The court indicated that it would schedule the motion to dismiss for hearing in a separate order.

{¶8} On appeal, the Slodovs raise the following assignments of error:

{¶9} "1. The trial court's decision on December 19, 2024 on its own motion vacating the trial court's December 10, 2024 order granting defendant's motion to dismiss was an abuse of discretion, was outside the court[']s jurisdiction and inherent authority, is in direct conflict with established law and is void ab initio.

{¶10} "2. The trial court's decision on December 11, 2024 granting leave to plaintiff to file a brief in opposition after previously dismissing the case on December 10, 2024 was an abuse of discretion, outside the court's jurisdiction and void ab initio."

{¶11} Initially, we observe that Eagle Ridge filed a motion to dismiss the present appeal on the ground that there was no final order from which to appeal. However, as this court explained in its May 15, 2025 entry, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, . . . when it is . . . [a]n order that vacates or sets aside a judgment." R.C. 2505.02(B)(3). The trial court's order vacating its judgment granting the motion to dismiss is a final, appealable order.

Case No. 2025-G-0001

{¶12} Since they are interrelated, we will consider the Slodovs' assignments of error jointly. The Slodovs argue that the trial court's jurisdiction to enter orders in this matter ended when it dismissed the complaint and it did not have the authority to vacate its dismissal in the absence of the filing of a Civ.R. 60(B) motion by the parties. They further contend the court could not dismiss the matter of its own initiative under Civ.R. 60(A) because it did not make a clerical error. For similar reasons, they argue that the trial court lacked authority to issue the December 11 judgment allowing Eagle Ridge to oppose the motion to dismiss.

{¶13} Generally, a trial court's ruling on a Civ.R. 60(B) motion is reviewed for an abuse of discretion. *Smith v. Partlow*, 2025-Ohio-607, ¶ 17 (11th Dist.). *See McIntyre v. Braydich*, 1997 WL 772936, *3 (11th Dist. Dec. 5, 1997) (finding that the trial court "abused its discretion by granting relief from judgment pursuant to Civ.R. 60(B) in the absence of an appropriate motion."). However, an appellate court evaluates legal issues, including the lower court's jurisdiction or authority to act, under a de novo standard of review. *Crossroads Auto Care LLC v. Cales*, 2022-Ohio-1008, ¶ 13 (11th Dist.) ("[c]hallenges to a lower court's authority to exercise jurisdiction are reviewed de novo"); *Jones v. Natural Essentials, Inc.*, 2018-Ohio-5071, ¶ 42 (11th Dist.) ("[a]ll legal questions are reviewed de novo"). Decisions relating to whether the trial court properly vacated an order as void or whether an order could be corrected due to a clerical error have been reviewed under a de novo standard of review. *Matter of Guardianship of Rhinehart*, 2020-Ohio-7005, ¶ 19 (11th Dist.).

{¶14} The trial court initially granted the Slodovs' motion to dismiss on December 10, one day after Eagle Ridge's request to file its response instanter. On December 11, the court issued an entry accepting Eagle Ridge's filing instanter and permitted both

Case No. 2025-G-0001

parties to brief the matter. On December 19, the court issued an entry vacating its dismissal. The question on appeal is whether the trial court had authority to issue these orders after dismissing Eagle Ridge's complaint.

{¶15} This court and others have held that a trial court generally cannot sua sponte vacate its final order. A "trial court may not modify a final order without a source of jurisdiction" and has "no authority to vacate or modify its final orders sua sponte." (Citation omitted.) *Bank of New York Mellon Trust Co. v. Unknown Successor Trustee(s) of the Talmage*, 2024-Ohio-2457, ¶ 11 (8th Dist.); *Griggy v. Eichler*, 1986 WL 10020, *1 (11th Dist. Sept. 12, 1986) ("where a court's jurisdiction of the person and subject matter of an action has terminated, it has no jurisdiction to take further action") (citation omitted). This court has held that "[i]t is . . . generally recognized that 'a trial court lacks authority to vacate or modify a final judgment, sua sponte, without a written motion under Civ.R. 60(B) seeking relief from judgment.'" *Rhinehart*, 2020-Ohio-7005, at ¶ 21 (11th Dist.), citing *InFrasys, Inc. v. Bros. Pavement Prods., Corp.*, 2020-Ohio-1157, ¶ 22 (6th Dist.); *Klammer v. Reimer*, 1994 WL 642474, *2 (11th Dist. Nov. 4, 1994) ("Civ.R. 60(B) provides 'the *exclusive* grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment'") (citation omitted); *also McIntyre*, 1997 WL 772936, at *3 (11th Dist.) ("a court may not grant relief under Civ.R. 60(B) *sua sponte*"). Other courts have reached similar conclusions. *New York Mellon* at ¶ 11 ("[s]ince the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate or modify a final judgment"); *Earl v. Earl*, 2004-Ohio-5684, ¶ 8 (9th Dist.) ("when correcting substantive mistakes, the rule does not provide that a trial court may act on its own initiative").

{¶16} The December 10 entry was a final order. It dismissed the complaint and

Case No. 2025-G-0001

left no further matters pending. It constituted an involuntary dismissal by the trial court based upon various grounds raised in the motion to dismiss, including that prior litigation resolved these issues. *See* Civ.R. 41(B)(3) ("[an involuntary] dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies"). Dismissals that are an adjudication on the merits are final orders. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 69 (1990); *Ohio Cas. Ins. Co. v. Valaitis*, 2012-Ohio-2561, ¶ 31 (11th Dist.).

{¶17} Since the lower court's December 10 entry was a final order, the court lacked authority to vacate it. Civ.R. 60(B) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment" under certain grounds. A motion for Civ.R. 60(B) relief was not filed here, precluding such relief. *Rhinehart* at ¶ 21. While the parties briefed the propriety of dismissal, Eagle Ridge did not file a motion requesting the court vacate its dismissal entry. Eagle Ridge's response to the motion to dismiss did not constitute a Civ.R. 60(B) request, since it does not include any analysis as to why such relief was proper (and it was filed prior to the dismissal). Similarly, its subsequent response to the Slodovs' reply brief also did not seek Civ.R. 60(B) relief. These filings did not provide the trial court grounds to grant relief under Civ.R. 60(B). *See Parker v. Allstate Property and Cas. Ins. Co.*, 2012-Ohio-6278, ¶ 37 (7th Dist.) ("even assuming for the sake of argument that the trial court was acting in response to the Parkers' motion for reconsideration, the motion itself failed to include any analysis as to why relief was proper under Civ.R. 60(B)" and did not allow for Civ.R. 60(B) relief).

{¶18} We note that a trial court does have authority to vacate its judgment sua sponte at any time in cases where the judgment is void. *Rhinehart* at ¶ 20; *McIntyre* at

*3 ("[a]lthough a court has inherent authority to vacate void judgments, such as when the court lacks subject matter jurisdiction, Civ.R. 60(B) relief is limited to those circumstances when the court's judgment is voidable").  However, "[i]f a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void," which does not permit the court to vacate its judgment.  *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19; *Rhinehart* at ¶ 20.  There is no question that the trial court had subject matter jurisdiction and its order was not void.  Thus, the court also could not vacate on that ground.

{¶19}  While a trial court may not vacate a final entry on its own initiative on Civ.R. 60(B) grounds, it "may correct a clerical mistake on its own initiative" under Civ.R. 60(A).  *Earl*, 2004-Ohio-5684, at ¶ 8 (9th Dist.); *Rhinehart* at ¶ 22.  A trial court may issue a nunc pro tunc entry pursuant to Civ.R. 60(A) to correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission."  "The rule permits a trial court to modify a judgment if the judgment contains a clerical error, but not a substantive error," i.e., "'a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment.'"  *L. Bryan Carr Co., LPA v. LaForge*, 2025-Ohio-889, ¶ 10 (11th Dist.), citing *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100 (1996).  "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide."  *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995).

{¶20}  If the trial court's December 19 entry was a nunc pro tunc entry, it would be a proper exercise of its authority, serving to correct a final entry rather than alter its substance.  However, we do not find that the lower court merely corrected a mistake.  The

Case No. 2025-G-0001

court indicated in its December 19 judgment that it had been unaware Eagle Ridge filed a response on the day prior to the dismissal entry. It also observed that both parties subsequently briefed the issue, and concluded that, "after further review," its dismissal was vacated. It noted: "[a]t this point, the Court is totally uncertain what fees may have been discussed by the parties when reaching their prior settlement." It is evident the court further considered the merits of the arguments set forth by the parties in determining that it should not have dismissed the matter. The new judgment made a substantive decision rather than a correction of a clerical error. *See Matter of Schenker*, 2021-Ohio-1018, ¶ 13 (11th Dist.) ("the question germane to our review is whether the error . . . was clerical or substantive in nature").

{¶21} We recognize that courts have permitted a nunc pro tunc entry to be issued when a court "inadvertently" granted judgment in favor of a party, such as where the court's order "was stamped 'erroneously.'" *Rhinehart*, 2020-Ohio-7005, at ¶ 23-24 (11th Dist.). We do not find that the court errantly issued its December 10 entry nor that its December 19 order was merely a correction of such order given its consideration of the substance of the parties' arguments. *See RPM, Inc. v. Oatey Co.*, 1998 WL 852730, *1 (9th Dist. Dec. 9, 1998) (holding that the trial court could not correct an entry granting summary judgment although discovery had not yet been completed since it was more than a mere clerical error and the court deliberately issued such order).

{¶22} The appropriate relief for improperly vacating a final order is reversal and reinstatement of the trial court's vacated order. *Griggy*, 1986 WL 10020, at *3 (11th Dist.); *McIntyre,* 1997 WL 772936, at *4 (11th Dist.); *Rice v. Bethel Assoc., Inc.*, 35 Ohio App.3d 133, 134 (9th Dist. 1987). As such, we order that the trial court's December 19, 2024, "Order Vacating 12/10/2024 Order Granting Defendants['] Motion to Dismiss" is reversed

Case No. 2025-G-0001

and vacated and its December 10, 2024 journal entry dismissing the matter is reinstated.

{¶23} In relation to the lower court's December 11 judgment allowing Eagle Ridge to file a response to the motion to dismiss, courts have held that a court generally loses jurisdiction over a case after issuing its final order. *State ex rel. Kellys Island School Dist. Bd. of Edn. v. Ohio Dept. of Edn.*, 2024-Ohio-285, ¶ 45 (6th Dist.) ("a trial court generally loses jurisdiction over a case after issuing its final order"); *see Bugeja v. Luzik*, 2007-Ohio-733, ¶ 8 (7th Dist.) ("[a] trial court loses authority to proceed and loses jurisdiction over an entire case . . . after it unconditionally dismisses it"). Regardless, since this court has reinstated the court's December 10, 2024 dismissal, such judgment has no impact on the outcome of this case.

{¶24} The first and second assignments of error are with merit.

{¶25} For the foregoing reasons, the judgments of the Geauga County Court of Common Pleas are reversed and the trial court's December 10, 2024 journal entry dismissing the matter is reinstated. Costs to be taxed against appellee.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-G-0001

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are with merit. The order of this court is that the judgment of the Geauga County Court of Common Pleas is reversed and the trial court's December 10, 2024 journal entry dismissing the matter is reinstated.

Costs to be taxed against appellee.

_____
JUDGE SCOTT LYNCH


_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0001